IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kalilo Robinson | ) | Case No.: |
| 630 E. Passadena | ) | |
| Youngstown, OH 44505 | ) | Judge |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| | ) | **JURY DEMAND ENDORSED** |
| Vs. | ) | **HEREON** |
| | ) | |
| Mahoning County | ) | |
| 120 Market St. | ) | |
| Youngstown OH 44502 | ) | |
| | ) | **INSTRUCTIONS FOR SERVICE** |
| | ) | |
| and | ) | |
| | ) | |
| Paul Gaines | ) | |
| Mahoning County Prosecutor | ) | |
| 21 W. Boardman St. | ) | |
| Youngstown, OH 44503 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Dawn Cantalamessa | ) | |
| Individually and as Assistant County Prosecutor | ) | |
| 21 W. Boardman | ) | |
| Youngstown OH 44503 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Shawn Burns | ) | |
| Assistant County Prosecutor | ) | |
| 21 W. Boardman | ) | |
| Youngstown OH 44503 | ) | |
| | ) | |
| Defendants | ) | |

Now comes Plaintiff, by and through the undersigned counsel and for the Complaint against the Defendants states:

1. Defendants, acting under color of law and with deliberate indifference, deprived Plaintiff of rights secured by the due process and equal protection clauses of the Fourteenth Amendment to the U.S. Constitution and guaranteed by 42 U.S.C. Section 1983 et seq.

2. Specifically, Plaintiff alleges that Defendants in this action, acting under color of state law, and acting willfully, wantonly, recklessly in a gross and negligent manner, and with deliberate indifference to Plaintiff's rights, privileges, and immunities, failed to follow requirements and regulations designed to protect Plaintiff, failed to provide Plaintiff with the level of care and protection required by law and comparable to that which was made available to other similarly situated individuals.

## JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1343(3) and (4). Claims are asserted pursuant to the Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. Section 1983. Supplemental state claims are asserted pursuant to 28 U.S.C. Section 1167, state statutes and state common law.

4. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b).

5. The events giving rise to the claims occurred in this district, and all named Defendants reside in the State of Ohio and in this district.

## PARTIES

6. Plaintiff, Kalilo Robinson is a resident in the City of CYoungstown, Mahoning County within the Northern District of Ohio.

7. Defendant, Mahoning County, is a political subdivision duly organized under the laws of the State of Ohio.

8. Defendant, Paul Gaines, is the duly elected Prosecutor of Mahoning County, who by and through his agents, employees and contractors, is responsible for the staffing, maintaining, training and otherwise operation of the Mahoning County Prosecutor's Office.

9. Defendant Dawn Cantalamessa was at all relevant times an employee of Defendant Mahoning County Prosecutor's Offfice and Defendant Mahoning County, in that capacity, acting under color of law, she is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing activities of the Mahoning County Prosecutor's Office. She is sued in both her individual and her official capacity.

10. Defendant Shawn Burns was at all relevant times an employee of Defendant Mahoning County Prosecutor's Offfice and Defendant Mahoning County, in that capacity, acting under color of law, she is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing activities of the Mahoning County Prosecutor's Office. He is sued in his official capacity.

11. At all times relevant to this Complaint, all Defendants acted through their agents, servants and employees acting within the course and scope of their respective agencies, services, and employments.

12. At all times relevant to this Complaint, all employees are the agents, servants and employees of all other Defendants, acting within the course and scope of their respective agencies, services and employments.

13. All actions (and omissions) of all Defendants were done jointly, severally, individually, in conspiracy and in combination.

**FACTS**

14. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in her person, personal effects, and property. In addition, Plaintiff enjoyed and possessed a right under the Fifth Amendment that his liberty would not be deprived without due process of law.

15. On or about January 19, 2016, Defendant Dawn Cantalamessa acting under color of state law, and acting willfully, wantonly, purposely, and with deliberate indifference to Plaintiff's rights, privileges, and immunities, threatened to pursue an indictment against the Plaintiff for the crime of murder and aggravated murder. At the time, Plaintiff was a witness in a case in Mahoning County, State V. White, 2015 CR 0538. Plaintiff had expressed an unwillingness to testify in this case. This allegation is supported by an affidavit previously filed in State V. Robinson, 2016 CR 342 and attached hereto as Exhibit "A"

16. On or about April 5, 2016, a hearing was scheduled in the case of State V. White, 2015 CR 0538. Although it is not completely clear as the reason for the hearing, it appears that the purpose was to determine the intentions of the Plaintiff with regard to his willingness to testify. At this hearing, the Plaintiff invoked his fifth amendment right. Although the Plaintiff was offered immunity by the Prosecutor's Office, it was not granted by the Court. The offer of immunity was not withdrawn by the Prosecutor's Office. This allegation is supported by the transcript of proceedings attached hereto as Exhibit "B" and the affidavit attached as Exhibit "A"

17. On or about April 7, 2016, Defendants Dawn Cantalamessa and Shawn Burns acting under color of state law, and acting willfully, wantonly, purposely, and with deliberate indifference to Plaintiff's rights, privileges, and immunities, obtained an indictment against the

Plaintiff for the crime of obstruction of justice and tampering with evidence. Said indictment (attached hereto as Exhibit C) was obtained by misrepresenting facts to the grand jury. This allegation is supported by the transcript of grand jury proceedings previously filed in State V. Robinson, 2016 CR 342 and attached hereto as Exhibit "D".

18. As a result of the indictment brought against the Plaintiff, Plaintiff was held in the Mahoning County Justice Center until August 30, 2016.

19. On or about August 9, 2016, Counsel for Plaintiff filed a motion to dismiss the indictment against the Plaintiff in Case no. 2016 CR 342. On August 16, 2016, prior to the Court ruling on the motion to dismiss, Defendant Dawn Cantalamessa dismissed the Case.

20. On August 16, 2016 Defendant Dawn Cantalamessa misrepresented to the Court in State V. White Case no. 15 CR 538 that there were phone calls of the Plaintiff recorded at the Mahoning County Justice Center in which Plaintiff intended to go to the State of Tennessee and not appear as required in the case of State V. White. As a result of the misrepresentations of the Defendant, Kalilo Robinson, as a witness, was held without bond. Said order holding the Plaintiff is attached hereto as Exhibit "E".

21. On August 24, 2016, Counsel for the Plaintiff filed an action in the Seventh District Court of Appeals seeking a writ of habeas corpus

22. On August 24, 2016, Defendant Cantalamessa filed a motion for material witness warrant and in a sworn affidavit stated "KALILO ROBINSON plans to leave town as soon as he is out of jail and not return for trial". Said statement was a misrepresentation of the recorded phone calls. Said affidavit is attached hereto as Exhibit "F".

23. On August 30, 2016, in Case No. 15 MA 0134, the Seventh District Court of Appeals granted the Plaintiff's petition for writ of habeas corpus. Said opinion and entry is attached hereto as Exhibit "G".

## COUNT ONE
## 42 U.S.C. SEC. 1983
## MALICIOUS PROSECUTION

24. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

25. As described more fully above, Defendants Shawn Burns and Dawn Cantalamessa obtained an indictment against the Plaintiff, knowing that there was not probable cause to obtain such indictment.

26. The misconduct described in this Count was undertaken with malice, willfulness, and purposeful indifference to the rights of Plaintiff.

27. As a result of the malicious prosecution of Plaintiff, he suffered damages in that he was deprived of his freedom and liberty.

28. For the above reasons, Plaintiff respectfully requests this Honorable Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees, as set forth in 42 U.S.C. §§ 1983 and 1988.

29. The actions of Defendants constitute malicious purpose, bad faith and wanton and reckless conduct.

## COUNT TWO

## FAILURE TO TRAIN UNDER 42 U.S.C.A. § 1983

30. Plaintiff restates and reallege each and every allegation contained above as if expressly rewritten herein.

31. Defendant Paul Gaines for the Mahoning County Prosecutor's Office acting under the color of state law and through its employees, agents, and/or representatives, intentionally and knowingly engaged in the actions to violate Plaintiff's constitutional rights.

32. Out of deliberate indifference and/or unofficial custom and policy, Defendant Paul Gaines failed to adequately train or supervise his employees as to the violation of constitutional rights and what constitutes unlawful prosecutorial conduct.

33. The actions of Defendant Paul Gaines, as Mahoning County Prosecutor, in failing to properly train its officials and employees in proper methods prosecutorial conduct, constitute a violation of Mahoning County Prosecutort's obligations to maintain lawful policies and procedures.

34. Defendant Paul Gaines as Mahoning County Prosecutor, through its employees and agents including Defendants Dawn Cantalamessa and Shawn Burns acted with deliberate indifference and acted purposely, willfully, wantonly and recklessly.

35. As a direct and proximate result, Plaintiff was subjected to malicious prosecution and the temporary loss of his freedom and liberty by Defendants Dawn Cantalamessa and Shawn Burns.

36. Plaintiff has incurred, and will incur monetary damages as a direct and proximate result of Defendants' unlawful acts as described herein.

## COUNT THREE

## FALSE IMPRISONMENT

37. Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

38. Defendant, Dawn Cantalamessa, after dismissing the malicious prosecution indictment against the Plaintiff, misrepresented facts to the Court resulting in the continued deprivation of Plaintiff's freedom and liberty.

39. Defendant, Dawn Cantalamessa further filed documents including an affidavit with the Mahoning County Common Pleas Court which contained false and/or misrepresented facts in order to obtain a Material Witness Warrant against the Plaintiff.

40. Plaintiff's freedom and liberty continued to be deprived until the Seventh District Court of Appeals ordered the Plaintiff's release.

41.     Defendant, Cantalamessa's conduct was so purposeful, reckless and malicious so as to demonstrate a substantial lack of concern for the constitutional rights of the Plaintiff.

42.     Defendant, Dawn Cantalemessa's indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's deprivation of his freedom and liberties.

43.     For the above reasons, Plaintiff respectfully requests this Honorable Court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees, as set forth in 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs ask that this court grant the following relief:

a. Declare that the acts and conduct of all defendants constitute violations of Plaintiff's constitutional, statutory and common-law rights.

b. Grant to the Plaintiff and against all defendants, jointly and severally, an appropriate amount of compensatory damages in excess of $75,000.00, and against the individual defendant an appropriate amount of punitive damages.

c. Grant to the Plaintiff and against all defendants, jointly and severally, appropriate costs and attorneys' fees.

d. Grant to the Plaintiffs any other relief the court deems appropriate.

Respectfully submitted,

BY: _/s/ James R. Wise_____
JAMES R. WISE (0039046)
Attorney for Plaintiff
Po Box 3388
Boardman, OH 44513
Telephone: (330) 233-3767
Facsimile: (330) 702-8280
jameswiselaw@yahoo.com

## **JURY DEMAND**

Plaintiff hereby demands trial by jury.

_/s/ James R. Wise_____
James R. Wise
Attorney for Plaintiff

## **INSTRUCTIONS FOR SERVICE**

Please serve a copy of the foregoing Complaint, along with Summons, upon the Defendants at the addresses noted in the caption, by certified mail, return receipt requested, and make return according to law, all pursuant to Civ.R. 4.1.

_/s/ James R. Wise_____
James R. Wise
Attorney for Plaintiff