```
STATE OF OHIO           )        IN THE COURT OF COMMON PLEAS
                        ) ss.
COUNTY OF MAHONING      )
                                 CASE NO. 2015 CR 538
```

STATE OF OHIO

    Plaintiff

    -vs-

MARQUAN TREVAIL WHITE

    Defendant

DEFENDANT'S
TRANSCRIPT OF PROCEEDINGS
MOTION HEARING

APPEARANCES:  Atty. Dawn Cantalamessa
               Atty. Shawn F. Burns
               On behalf of the State

               Atty. Thomas E. Zena
               Atty. Andrew R. Zellers
               On behalf of the Defendant

               Atty. James R. Wise
               On behalf of Kalilo Robinson

BE IT REMEMBERED that at the hearing of the above-entitled cause, in the Court of Common Pleas, Mahoning County, Ohio, beginning on the **5th** day of **April, 2016**, and continuing thereafter, as hereinafter noted, before **the Honorable Lou A. D'Apolito**, the above appearances having been made, the following proceedings were had:

OFFICIAL SHORTHAND REPORTERS
MAHONING COUNTY YOUNGSTOWN, OHIO

EXHIBIT B

2

MS. CANTALAMESSA: We are here in Case Number 15 CR 538, State of Ohio versus Marquan White. Your Honor, we are here this afternoon on, I guess, State's motion to take the deposition of one of the State's witnesses. We do have that witness here. It's our understanding that the witness' wish was to claim the Fifth Amendment and so we are having this hearing in order to straighten that out.

THE COURT: Okay. Is that correct?

MR. ZELLERS: Yes, it is, Your Honor.

MS. CANTALAMESSA: Your Honor, at this time the state would call Kalilo Robinson to the stand.

THE COURT: Okay. Let's get Mr. Robinson on the stand.

MR. ZENA: We are not conceding that this gentleman is, quote, unavailable and therefore a deposition is in order, but it seems to be the vehicle to get us to the end.

THE COURT: Okay. How are you doing? Come on up here.

3

WHEREUPON, the State called

KALILO ROBINSON,

who, being first duly sworn testified as follows:

THE COURT: All right. Come on up here and sit down.

Here present in court Mr. Zena and Mr. Zellers and their client.

Madam Prosecutor?

MS. CANTALAMESSA: Thank you, Your Honor. Good afternoon.

THE COURT: Good afternoon.

EXAMINATION
BY MS. CANTALAMESSA:

Q  Would you please state your name for the record?
A  Kalilo Robinson.
Q  I'm sorry?
A  Kalilo Robinson.

THE COURT: You have to speak up

1     Mr. Robinson, okay?
2         THE WITNESS: Kalilo Robinson.
3  Q  Kalilo Robinson; is that correct?
4  A  Yes.
5  Q  And how old are you, Kalilo?
6  A  I'm 19.
7  Q  Nineteen?
8         THE COURT: Mr. Robinson, you have to
9  speak up. I can't hear you. Again, your
10 name was, Mr. Robinson?
11        THE WITNESS: Kalilo Robinson.
12        THE COURT: There we go.
13 Q  And how old are you?
14 A  Nineteen.
15 Q  Mr. Robinson, could you tell us what happened
16 on November 16 of the year 2014?
17 A  I plead the Fifth.
18 Q  You plead the Fifth Amendment?
19 A  Yeah.
20 Q  And are you refusing to testify concerning
21 that event?
22 A  Respectfully, I am.
23        MS. CANTALAMESSA: Your Honor, at this

time I would give to the Court a motion to compel this witness to testify and an offer of immunity.

THE COURT: I have just been handed what's been titled with this caption of the State versus Marquan White, Motion to Compel Witness to Testify. It says, "Now comes the State of Ohio, by and through the Assistant County Prosecuting Attorney of Mahoning County, and hereby moves this Court to order the witness, Kalilo Robinson, to testify concerning facts which are material to the instant case. Pursuant to the request, the State will grant immunity to this witness pursuant to Revised Code Section 2945.44."

And this motion was provided to -- a copy as a preview to the counsel, Mr. Wise for Mr. Robinson; and Mr. Robinson and Mr. Wise had the opportunity to meet and discuss whatever it is the attorney felt was necessary for his client to understand.

Mr. Wise, you had that conversation with your client; is that correct?

6

MR. WISE: That is correct, Your Honor.

THE COURT: And based on this Motion to Compel, what is your posture as regards your client?

Mr. Zena, do you want to say something?

MR. ZENA: The only thing I wanted to say, and I think I have standing to say this given the fact that I have a defendant that will suffer consequences.

THE COURT: Sure.

MR. ZENA: Unless I am mistaken, I have done this in the federal system, this is an offer to move for immunity.

THE COURT: Yes.

MR. ZENA: You are the only one who can grant immunity.

THE COURT: Yes.

MR. ZENA: And mostly what happens -- I have seen in criminal culpability cases where immunity is granted by a Judge, a Judge makes inquiry into what acts are you asking me to bar this man for prosecution for. The John Gotti case is a perfect example of that.

When the other defendant who was charged with many murders, their offer of immunity was extended, and they had to get into an entire evidentiary hearing on what acts he was going to be immune from prosecution on. So it's my argument that immunity would require your approval.

THE COURT: I think we all understand that, but I do think that it is necessary for the state to indicate what it is immunity is granted. In this particular statute, as I see it, and I may be wrong -- and you, of course, can correct me -- this is a transaction of immunity which is the type we are dealing with rather than any others.

So with that being said, Madam Prosecutor, would you wish to place on the record what it is you are granting this young man immunity from?

MS. CANTALAMESSA: Your Honor, we are granting immunity to Mr. Robinson for the murder of Antwon Martinez on November 16, 2014.

8

THE COURT: Mr. Wise?

MR. WISE: I have nothing.

THE COURT: Mr. Zena?

MR. ZENA: Well, the only thing I can say is, again, we feel we have standing given the fact that I know of nothing -- nothing that says this man in any of the evidence is implicated and could be found guilty of that case anyway. I mean, they have to give us that evidence so that we could impeach this man, and we have received nothing saying that he is guilty of anything in that case. So I guess he is being offered immunity I don't know what for because he has no criminal acts alleged against him for that, none whatsoever. I mean, the only thing he said in his statements was that he was there, but in his statements he doesn't say anything about being involved in it at all, and I have no evidence that he has been involved in this at all.

MS. CANTALAMESSA: Your Honor, from the beginning he has always said that he knew

that Antwon was going to be killed from Mascarella but he didn't know when. He said that on at least two occasions, so he has always said that. Now we are now hearing that he is claiming the Fifth, so he obviously feels that he has some incriminating evidence against himself that he doesn't want to reveal. So that's the purpose in claiming the Fifth. So we are offering him immunity for that murder to find out what that information is.

THE COURT: Mr. Wise, your response and your client? If you need time to talk to your client?

(WHEREUPON, a discussion was had between Mr. Wise and Mr. Robinson off the record and out of the hearing of the rest of the participants, after which the proceedings continued as follows:)

MR. WISE: My client will advise you that even with the immunity that he chooses not to testify.

THE COURT: So as of this point we have

10

a witness who is available and refuses to testify and a witness has asserted the Fifth Amendment. And the state is moving for the Court to grant this defendant immunity from any of the acts that he may have participated in regarding --

MR. ZENA: Excuse me, Your Honor. Just for the record purposes, he is not technically a defendant here. He is only a witness here.

THE COURT: You are correct.

MR. ZENA: Thank you, Your Honor.

THE COURT: In this particular case you are correct, he is called as a witness. Yeah.

So the state has indicated that he made some statements that he knew that a murder was to occur, and that he was present at the time and place of a murder, and that the state believes that -- I'm assuming, and you are going to have to help me a little more, Madam Prosecutor -- that there are some acts he may have committed. And are you telling

the Court that one of those acts may be a complicity to murder, or conspiracy to murder, or do you have any evidence of that?

MS. CANTALAMESSA: Well, what we are hearing is that if these things that he would have to say to us today would, in fact, be complicity, we are offering him that immunity because with him claiming the Fifth, we don't know what is incriminating. He hasn't given any sort of incriminating statement against himself except for being present and knowing about it. That's about it. But if he is saying he has further evidence that would incriminate himself, we are offering him immunity for that, and we want to be sure that he knows that, and we want you to compel his testimony. We want you to order him to testify.

MR. ZENA: The sum of that seems to be if he did any acts, which we can't prove he did, he would be offered immunity for those acts, but we can't prove that he did any of them. That's basically what she said.

  1  MS. CANTALAMESSA: Well, the defense is
  2  talking in circles as well --
  3  THE COURT: Yeah.
  4  MS. CANTALAMESSA: -- because but for
  5  this witness giving a statement to the
  6  police, his client wouldn't even be charged.
  7  MR. ZENA: But this isn't about -- I'm
  8  sorry, Your Honor -- this isn't about my
  9  client now. This is about what position he
 10  holds on that stand.
 11  THE COURT: Mr. Robinson?
 12  MR. ZENA: That's correct. This isn't
 13  about him at all. This is about offering
 14  immunity to somebody in case there are
 15  acts -- which they don't know exist, can't
 16  prove -- but if there were, he is immune from
 17  them. That's not immunity, Judge.
 18  MS. CANTALAMESSA: It is immunity if we
 19  can corroborate those acts, and we won't know
 20  about it until he tells us.
 21  MR. ZENA: We are going in circles.
 22  THE COURT: Yeah, we are going in
 23  circles.

OFFICIAL SHORTHAND REPORTERS
MAHONING COUNTY YOUNGSTOWN, OHIO

Mr. Wise, anything you want to add?

MR. WISE: Your Honor, with all due respect, and what I have heard on the record this morning, first of all, I understand that this matter is a pretrial hearing.

THE COURT: Yeah.

MR. WISE: In fact, this matter -- we are not in trial -- that he is obviously available if this was a trial.

THE COURT: Uh-huh.

MR. WISE: It's my understanding that the Court is attempting to possibly circumvent -- not circumvent his rights, but to try and figure out what's going to happen in the event of a trial if he refuses to testify or that the prosecutor, in fact, is trying to figure out what she can do if, in fact, he refuses to testify, as he has indicated that he will, as he has indicated to all of us he will. However, I don't believe that even with the granting of immunity by this Court, even if he continues to refuse to testify, he is not in contempt

since this matter -- we're not in trial. If, in fact, we had a jury impaneled and my client was, in fact, subpoenaed to be here and then refused, I think at that point he could be held in contempt. But at this time I don't believe that a contempt action is warranted.

THE COURT: So the long and short of your response is that we are premature in making the determination today as to whether or not, one, he has refused to testify, and we don't have a trial. Whether he is refusing to testify or is asked or granted immunity because you have asked, your client has taken the Fifth Amendment, so that triggers the response by the government to offer the immunity. So are you saying that at this time your client is refusing to testify today and is withholding that choice of what action to take until the time of trial? Is that what you are telling me?

MR. WISE: Your Honor, I believe that my client, not to use the word "right" because

OFFICIAL SHORTHAND REPORTERS
MAHONING COUNTY YOUNGSTOWN, OHIO

15

that doesn't -- that might not be applicable. He has a choice of who to speak to and who not to speak to with regard to this matter.

THE COURT: At this point. At this point, juncture, yeah.

MR. WISE: At this point he has a right not to talk to Attorney Zena, if Attorney Zena wants to question him. I believe he has a right not to talk to the prosecutors if he doesn't want to because we are not in trial.

THE COURT: I understand that. I guess my question to you was are we not premature then in the entertaining the motion of immunity when, in fact, it is not -- it is not ripe for that decision until such time as he is called as a witness for trial, and then at that time we determine whether or not he refuses to testify or he refuses to testify on the grounds of it may cause to incriminate him to some type of criminal liability?

MR. WISE: Yes, Your Honor.

MS. CANTALAMESSA: Would defense counsel, Mr. Wise, agree then if he refuses

16

to testify, he is unavailable then?

THE COURT: At the hearing?

MS. CANTALAMESSA: Yes.

MR. WISE: I believe the rule speaks to unavailability at trial. There has been no showing that he is unavailable at trial until the jury is impaneled and he at that point says, by the way, I'm moving to Cuba so --

THE COURT: Yeah, I agree with you. I just think that what we are doing is going back and forth between a hypothetical, your client saying he is unavailable. Can we agree that if he doesn't testify, he is unavailable? I think that's the issue that we have to determine at trial, not here today.

MS. CANTALAMESSA: For the record, Your Honor, did you order Mr. Robinson to testify and did he actually say he is refusing to testify?

THE COURT: No.

MS. CANTALAMESSA: Or did Mr. Wise say that?

THE COURT: I did that deliberately.

MS. CANTALAMESSA: Okay.

THE COURT: Yeah. Because I think that we have to move to the trial itself before we do this, unless the State is able to offer some evidence of some criminality other than the innuendo of what he may or may not have done, or that he is charged. And at that point I do think that Mr. Zena is right, that his client, because of the effect it may have on him, has the right to know what culpability, if any, that Mr. Robinson has in this event.

So the Court is going to hold in abeyance any decision on this matter until we move to a trial date, and we will then resume this conversation at that time. Okay?

MS. CANTALAMESSA: Thank you, Your Honor.

THE COURT: All right. Thank you very much.

MR. WISE: Thank you, Your Honor.

MR. ZENA: Your Honor?

18

1  THE COURT: Yeah.
2  MR. ZENA: There is one other thing. I
3  did not bring this up. It appears it will be
4  our intention, and we have a written
5  document, it will be our intention to
6  withdraw this defendant's previous motion or
7  waiver of right to speedy trial and ask the
8  Court to invoke speedy trial. We understand
9  that if you do make that order, the 90 days
10 starts then. He gets no credit for anything
11 prior. Whether or not --
12  MS. CANTALAMESSA: There is no 90 days
13 after revocation. It's a reasonable
14 timeframe. There is no 90 days, and they are
15 severed counts.
16  MR. ZENA: Excuse me.
17  THE COURT: Go ahead.
18  MR. ZENA: After we make the argument,
19 that it is actually a mathematical formula
20 based on the murder case, we are going to ask
21 that the -- that the waiver of speedy trial
22 be withdrawn. If you determine that will not
23 be the case and it's a reasonable time,

OFFICIAL SHORTHAND REPORTERS
MAHONING COUNTY YOUNGSTOWN, OHIO

that's over. If you determine it does start a new 90 days ticking at that point, then that will start that. But it wouldn't start no matter when until after you made a ruling on the motion.

THE COURT: I understand.

MR. ZENA: I want everyone to know that is our intention.

THE COURT: I think the prosecutor is right when we talk about a reasonable time based upon the case law; but this Court is pretty sensitive to actual numbers, so I would be setting this matter within that time frame.

MR. ZENA: Yes, Your Honor. Thank you, Your Honor.

THE COURT: All right. We are in recess. Thank you.

(WHEREUPON, Court was adjourned.)

REPORTER'S CERTIFICATE

I HEREBY CERTIFY the above and foregoing is a true and correct transcript of all evidence introduced and proceedings had in the hearing of the within-named case as shown by my stenographic notes taken by me during the hearing and at the time the evidence was being introduced.

CATHERINE A. BUCK, RPR
OFFICIAL COURT REPORTER

DATE: _____

OFFICIAL SHORTHAND REPORTERS
MAHONING COUNTY YOUNGSTOWN, OHIO