CLERK OF COURTS
MAHONING COUNTY, OHIO
AUG 30 2016
FILED
ANTHONY VIVO, CLERK

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KALILO ROBINSON, | ) | |
| PETITIONER, | ) | CASE NO. 16 MA 0134 |
| V. | ) | OPINION |
| | ) | AND |
| JERRY GREEN, MAHONING COUNTY SHERIFF, | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:   Petition for Writ of Habeas Corpus

JUDGMENT:   Writ of Habeas Corpus Granted

APPEARANCES:
For Petitioner

James R. Wise
P.O. Box 3388
Boardman, OH 44513
Canfield, Ohio 44406

For Respondent

Ralph M. Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: August 30, 2016

EXHIBIT 6

- 1 -

PER CURIAM.

{¶1} Petitioner Kalilo Robinson filed a petition for writ of habeas corpus, alleging that Respondent Jerry Green, Mahoning County Sheriff, is unlawfully detaining him as a material witness. The Court conducted a hearing on August 30, 2016, at which testimony was taken, and stipulations accepted by the Court.

{¶2} Petitioner is a material witness in a criminal case in Mahoning County Common Pleas Court Case No. 15 CR 00538. In a judgment entry filed August 16, 2016, the trial court ordered Petitioner held in jail without bond until September 2, 2016. The trial court did not issue a warrant, or hold a probable cause hearing, or establish a reasonable recognizance, with or without security.

{¶3} Petitioner filed the present petition in this Court on August 24, 2016. The next day, on August 25, 2016, the trial court filed a judgment entry in which it issued a warrant and ordered Petitioner held in jail without recognizance, but this time noting that the order had been based upon a motion and affidavit presented by the prosecution to the court. Although incarcerated in the county jail, Petitioner was not served with that warrant. Nor did the trial court hold a recognizance hearing.

{¶4} Also on August 25, 2016, this Court filed a judgment entry issuing an alternative writ and setting the matter for a hearing on August 30, 2016. The afternoon before the scheduled hearing, the State filed a motion to dismiss, principally on procedural and technical grounds.

{¶5} Before reaching the substantive merits of the petition, we first address the two procedural and technical arguments put forward by the State in its motion to dismiss. First, the State argues that the petition should be dismissed because Petitioner failed to attach copies of the commitment papers as required by R.C. 2725.04(D). The State concedes that Petitioner attached a copy of the trial court's August 16, 2016 judgment entry, in which it ordered him held in jail without bond. The State points out however that Petitioner did not attach a copy of the August 25, 2016 judgment entry in which the trial court issued a material witness warrant.

Aug. 30. 2016 3:44PM    No. 4867 P. 3
Case: 4:16-cv-03011-BYP Doc #: 1-8 Filed: 12/16/16 3 of 5. PageID #: 50

- 2 -

According to the docket and from evidence adduced at the hearing, Petitioner was never served with that warrant or the judgment entry.

{¶6} Second, the State argues that Petitioner failed to attach an Inmate's Information Sheet of Prior Actions with affidavit as required by R.C. 2969.25(D). However, Petitioner did file the documents contemporaneously with his petition. Consequently, we conclude that the petition is free of any procedural and technical defects and deny the State's motion to dismiss.

{¶7} Turning to the substantive merits of the petition, there are two statutes relevant to this case which address detention of witnesses. The first is R.C. 2941.48. Entitled "Recognizance of witnesses," it states:

> In any case pending in the court of common pleas, the court, either before or after indictment, may require any witness designated by the prosecuting attorney to enter into a recognizance, with or without surety, in such sum as the court thinks proper for his appearance to testify in such cause. A witness failing or refusing to comply with such order shall be committed to the county jail until he gives his testimony in such case or is ordered discharged by the court. If a witness is committed to jail upon order of court for want of such recognizance, he shall be paid while so confined like fees as are allowed witnesses by section 2335.08 of the Revised Code. The trial of such case has precedence over other cases and the court shall designate any early day for such trial.

{¶8} The second, which addresses material witnesses in particular, is found at R.C. 2937.18, entitled "Detention of material witnesses," states:

> If a witness ordered to give recognizance fails to comply with such order, the judge or magistrate shall commit him to such custody or open or close detention as may be appropriate under the circumstances, until

- 3 -

he complies with the order or is discharged. Commitment of the witness may be to the custody of any suitable person or public or private agency, or to an appropriate detention facility other than a jail, or to a jail, but the witness shall not be confined in association with prisoners charged with or convicted of crime. The witness, in lieu of the fee ordinarily allowed witnesses, shall be allowed twenty-five dollars for each day of custody or detention under such order, and shall be allowed mileage as provided for other witnesses, calculated on the distance from his home to the place of giving testimony and return. All proceedings in the case or cases in which the witness is held to appear shall be given priority over other cases and had with all due speed.

{¶9} There is a dearth of caselaw addressing the detention of a material witness. In *State ex rel. Dorsey v. Haines*, 63 Ohio App.3d 580, 579 N.E.2d 541 (2d Dist.1991), the Second District granted a writ of habeas corpus finding that the warrant by which the witness had been detained was issued "without the most fundamental rudiments of constitutional due process." *Id.* at 581. The court held that "at a minimum, a warrant to detain a material witness must be supported by probable cause, supported by oath or affirmation, to believe that the witness is material and that the detention of the witness is necessary to procure her attendance at trial." *Id.* at 582.

{¶10} Taking judicial notice of the criminal docket in which Petitioner is being held as a material witness and considering the evidence presented to this Court, we conclude Petitioner's incarceration as a material witness was not in compliance with the aforementioned statutes; he was detained without the most fundamental rudiments of constitutional due process. The August 16, 2016 judgment entry by which Petitioner was first jailed without bond does not reference a warrant being issued or that Petitioner's incarceration was supported by probable cause based upon an affidavit or testimony. While the trial court's second judgment entry filed on

August 25, 2016, refers to the issuance of a warrant based upon a motion and affidavit presented by the prosecution to the court, there is no evidence that Petitioner was ever served with a warrant. Notably, it was filed the day after Petitioner filed his petition for a writ of habeas corpus in this Court.

{¶11} Additionally, R.C. 2941.48 and R.C. 2937.18 clearly contemplate the common pleas court giving the material witness an opportunity to seek a recognizance bond, in contemplation of Section 9, Article I, of the Ohio Constitution and Eighth Amendment to the United States Constitution prohibition against excessive bail. In this instance, the trial court never gave Petitioner the opportunity to seek a bond. Moreover, as was revealed at the hearing on this matter, Petitioner is being held in jail with the general population in direct contravention of the mandates of R.C. 2937.18.

{¶12} Based on all of the foregoing, the State's motion to dismiss is denied and the petition for writ of habeas corpus is granted. Petitioner is ordered discharged from the custody of Respondent as it pertains to his being held as a material witness in Mahoning County Common Pleas Court Case No. 2015 CR 00538 only.

{¶13} Copy to counsel of record and Judge Lou A. D'Apolito.

{¶14} Costs taxed against Respondent.

_____
Judge Gene Donofrio

_____
Judge Mary DeGenaro

_____
Judge Carol Ann Robb